# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | | |
|---|---|---|
| MARY A. STARZYNSKI, individually and on behalf of the classes defined herein, | ) ) ) ) | |
| Plaintiff, | ) ) | 07 C 1254 |
| v. | ) ) ) | Judge James F. Holderman |
| FRIEDMAN AND WEXLER, LLC, MITCHELL WEXLER, ESQ. and OSI COLLECTION SERVICES, INC. | ) ) ) ) ) | Magistrate Judge Valdez |
| Defendants. | ) | |

### CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") between Plaintiff, Mary A. Starzynski ("Starzynski"), individually and on behalf of a settlement class of similarly situated persons in *Mary A. Starzynski v. Friedman and Wexler, LLC, Mitchell Wexler and OSI Collection Services, Inc.*, case no. 07 C 1254, pending in the United States District Court for the Northern District of Illinois (the "Litigation") and Defendants, Friedman and Wexler, LLC, Mitchell Wexler and OSI Collection Services, Inc. n/k/a NCO Financial Systems, Inc., ("Defendants") was reached after settlement negotiations between counsel for all parties and is entered into as of July 14, 2008.

Plaintiff Mary A. Starzynski and third party Capital One will be executing a separate mutual release related to the alleged Capital One credit card account Defendants sought to collect, Account Number ending in "9053."

### RECITALS

1

1.      On or about March 5, 2007, Plaintiff Starzynski filed a Class Action Complaint in the United States District Court for the Northern District of Illinois, claiming that Defendants had violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Specifically, Starzynski alleged that Defendants violated the FDCPA by filing and prosecuting lawsuits to collect debts on behalf of Capital One through the use of Complaints that included attached affidavits purporting to be signed by an employee of the creditor, Capital One, when in fact the affidavits were signed by an employee of OSI Collection Services, Inc. Plaintiff filed an Amended Complaint on January 31, 2008.

2.      Plaintiff and the Class (as defined in paragraph 6 below) are represented by the Consumer Advocacy Center, P.C. ("Class Counsel"). Class Counsel has conducted a thorough investigation of the facts pertinent to the Complaint and Amended Complaint and likewise investigated the law regarding the claims against Defendants and the asserted defenses. Class Counsel recognizes the risk and expense associated with a trial of Plaintiff's claims and any appeals that may follow, and the uncertainty inherent in complex litigation, and has concluded that the settlement set forth in this Agreement is in the best interest of the Plaintiff, the Class and judicial efficiency.

3.      Defendants deny that they are liable in any way to Plaintiff or the Class she seeks to represent, and deny that their actions violated the FDCPA or state law in any manner. Defendants are, however, willing to enter into this Agreement to avoid the further expense and inconvenience of litigation, and have concluded that it is in their best interests to resolve and settle all claims which have been made or could be made against them by Plaintiff and the Class arising out of Defendants' alleged violations of the FDCPA and state law.

2

4.     In consideration of the foregoing and other good and valuable

consideration, Plaintiff, Class Counsel, and Defendants stipulate and agree that the claims of

Plaintiffs and the Class against Defendants should be and are hereby compromised and settled,

subject to the final approval of the Court, after a hearing, and upon entry of a final judgment of

dismissal with prejudice as provided in this Agreement, all subject to the following terms and

conditions.

## SETTLEMENT TERMS

5.     **Effective Date.** The effective date of this Agreement shall be the date of

the entry of the Final Order if no objections to the settlement are made by the time of the fairness

hearing ("Effective Date"). If objections to this Agreement have been made by the time of the

fairness hearing, the Effective Date shall be the later of: (a) the date of the expiration of the time

to appeal from the Final Order without an appeal having been taken or; (b) if an appeal is taken

from the Final Order, the date upon which all appeals, including petitions for leave to appeal,

certiorari, or rehearing, or any proceedings resulting therefrom, have been finally disposed of in

such manner that the Agreement is affirmed in its entirety and the settlement may be

consummated without change. The parties waive their rights to appeal from any Final Order

entered in accordance with the terms of this Agreement. The parties shall each bear their own

costs and expenses in responding to any appeal taken from the Final Order.

6.     **Class Certification.** Solely for the purpose of this Agreement and its

implementation, and without in any way conceding the certifiability of a class for litigation

purposes (which Defendants expressly deny), Plaintiff and Defendants stipulate to the

certification of one Class, pursuant to Federal Rule of Civil Procedure 23(b)(3), consisting of:

3

All natural persons who were sued on behalf of Capital One by Defendants Friedman and Wexler, LLC and Mitchell Wexler with Complaints that contained an affidavit purporting to be signed by an employee of Capital One when in fact the affidavit was signed by an employee of OSI Collection Services, a servicing and collection agent of Capital One, between March 5, 2006 and March 5, 2007. The Class consists of approximately 333 members, according to Defendants' records.

7. If this Agreement is not approved or does not become effective for any reason, the Class shall be decertified and Defendants shall retain their rights to object to the maintenance of the action as a class action.

8. Defendants also agree to the appointment of Mary A. Starzynski as Class Representative and the appointment of The Consumer Advocacy Center, P.C. (Lance A. Raphael, Stacy M. Bardo, and Allison A. Krumhorn) as Class Counsel.

9. Upon execution of this Agreement, the Parties will jointly request that the Court preliminarily find that this Agreement is fair to all Class Members and approve the Class Notice attached as Exhibit A.

10. If this Agreement fails to be approved or otherwise fails to be consummated in accordance with its terms:

a. Plaintiff shall be entitled to continue this action on behalf of herself and the putative Class in accordance with the rulings, circumstances and procedural posture that existed in this case on July 14, 2008, and

b. Defendants shall retain all rights to continue their defense to this case in accordance with the rulings, circumstances and procedural posture that existed in this case on July 14, 2008.

4

11.    In consideration of the settlement, release, and discharge of all claims of

Plaintiffs and the Class against Defendants, and subject to the provisions of this Agreement and

all applicable orders of the District Court, Defendants Friedman and Wexler LLC and Mitchell

Wexler or their insurance carrier promise to pay $110,000.00 no later than fourteen (14) days

after the Effective date to create a fund ("Settlement Fund") which shall be distributed as

follows:

a.    **Recovery to Plaintiff.** Plaintiff, Mary A. Starzynski shall be paid

two thousand dollars ($2,000.00) for her damages and her services as class representatives,

subject to the Court's approval, no later than twenty-eight (28) days after the Effective date.

Friedman and Wexler, LLC, Mitchell Wexler and OSI Collection Services, Inc. n/k/a NCO

Financial Systems, Inc., agree to cease collection efforts against Plaintiff related to or arising

from the Capital One debt, ending in ""9053." Any Defendant which has reported the alleged

Capital One debt as delinquent on Plaintiff's credit report shall cease such reporting and request

that the bureaus delete the tradeline in its entirety. Within fourteen days of receipt of a fully

executed Settlement Agreement, Defendants shall take all necessary and reasonable steps to

make the request to any and all credit bureaus to which it reports. If Plaintiff determines that one

or more of the credit bureaus have not complied with the Defendants' request, Plaintiff agrees to

provide prompt written notice to counsel for Defendants. In that event, Defendants shall, within

fourteen days following their receipt of such notice, re-contact the credit bureaus that have not

updated Plaintiff's credit report and again request that the bureaus delete the tradeline. Plaintiff

understands that Defendants have no control over the bureaus and will not hold Defendants liable

beyond their responsibilities, as agreed to herein. Defendant OSI Collection Services, Inc. n/k/a

5

11.    In consideration of the settlement, release, and discharge of all claims of

Plaintiffs and the Class against Defendants, and subject to the provisions of this Agreement and

all applicable orders of the District Court, Defendants Friedman and Wexler LLC and Mitchell

Wexler or their insurance carrier promise to pay $110,000.00 no later than fourteen (14) days

after the Effective date to create a fund ("Settlement Fund") which shall be distributed as

follows:

a.    **Recovery to Plaintiff.**  Plaintiff, Mary A. Starzynski shall be paid

two thousand dollars ($2,000.00) for her damages and her services as class representatives,

subject to the Court's approval, no later than twenty-eight (28) days after the Effective date.

Friedman and Wexler, LLC, Mitchell Wexler and OSI Collection Services, Inc. n/k/a NCO

Financial Systems, Inc., agree to cease collection efforts against Plaintiff related to or arising

from the Capital One debt, ending in ""9053."  Any Defendant which has reported the alleged

Capital One debt as delinquent on Plaintiff's credit report shall cease such reporting and request

that the bureaus delete the tradeline in its entirety.  Within fourteen days of receipt of a fully

executed Settlement Agreement, Defendants shall take all necessary and reasonable steps to

make the request to any and all credit bureaus to which it reports.  If Plaintiff determines that one

or more of the credit bureaus have not complied with the Defendants' request, Plaintiff agrees to

provide prompt written notice to counsel for Defendants.  In that event, Defendants shall, within

fourteen days following their receipt of such notice, re-contact the credit bureaus that have not

updated Plaintiff's credit report and again request that the bureaus delete the tradeline.  Plaintiff

understands that Defendants have no control over the bureaus and will not hold Defendants liable

beyond their responsibilities, as agreed to herein.  Defendant OSI Collection Services, Inc. n/k/a

5

NCO Financial Systems, Inc., represents that it has not reported the alleged debt to the bureaus but, if an entry should later appear on Plaintiff's credit report, Plaintiff shall provide prompt written notice to OSI's counsel of the credit reporting, and allow OSI n/k/a NCO the opportunity to cure, as set forth herein.

        b.    **Attorney's Fees and Costs.**  Subject to Court approval, Class Counsel shall be paid attorney's fees and related litigation costs and expenses in the amount of fifty thousand dollars ($50,000.00), no later than twenty-eight (28) days after the Effective date. Defendants agree that the fees sought in this action by Class Counsel are fair and reasonable and will not oppose any application or petition by Class Counsel for approval of attorney's fees and costs in the amount of $50,000.00.

        c.    **Class Recovery.**  A Class Settlement Fund will be created and which will contain fifty-eight thousand dollars ($58,000.00) (the "Class Settlement Fund"). The balance of the Settlement Fund after payment of class administration and notice costs and fees will be distributed pro rata to those members of the Class who are mailed notice by U.S. mail and (1) whose notice is not returned by the Post Office with no forwarding address being identifiable and (2) who do not opt out of the Settlement ("Claimants"). All checks issued to the Claimants in accordance with this paragraph shall indicate on their face that they are void after sixty (60) days from the date issued ("void date"), and shall be caused to be sent to the Claimants by first-class mail by settlement claims administrator U.S. Bank National Association no later than twenty-eight (28) days after the Effective Date.

        d.    **Cy Pres Contingency.**  If any portion of the Settlement Fund remains after the void date on checks to Claimants described in Paragraph (c) because the

6

settlement check was returned as undeliverable or without a forwarding address, or because the

check remains uncashed, or any funds otherwise remaining after the distribution is calculated, it

shall be donated in equal amounts to the National Association of Consumer Advocates, 1730

Rhode Island Avenue NW, Suite 710, Washington, DC 20036 as a *cy pres* remedy.

12.     Notwithstanding anything to the contrary in this Agreement, including all

exhibits, under no circumstances shall the liability of Friedman and Wexler, LLC and Mitchell

Wexler under this Agreement exceed $110,000.00. OSI Collection Services, Inc. n/k/a NCO

Financial Systems, Inc. is not obligated to make any payments under this Agreement, as all

payments will be made by Friedman and Wexler and Mitchell Wexler and/or their insurer.

13.     **Release.** (a) As consideration for this Agreement, and upon the Effective

Date, Plaintiff and each and every member of the Class, including each and every one of their

respective agents, representatives, attorneys, heirs, assigns or any other person acting on their

behalf or for their benefit (collectively "Releasors") hereby release and discharge Defendants, as

well as their predecessors, successors in interest and present and former parent corporations,

affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders,

general partners, limited partners, beneficiaries, representatives, heirs, attorneys, assigns

(collectively, "Releasees") from any causes of action, suits, claims or demands whatsoever, in

law or in equity, known or unknown at this time, which Plaintiffs and the Class now have or ever

had against the Releasees, or any of them, under any legal theory, whether or not alleged, arising

out of the allegations in or subject matter of the Amended Complaint and any and all claims

which were made or which could have been made in the Litigation.  This release is conditioned

7

Administrator U.S. Bank National Association and within fourteen (14) calendar days of the Court's entry of preliminary approval order, U.S. Bank National Association shall cause the Class Notice, in the form attached hereto as Exhibit A, to be sent to each Class member, by any form of U.S. mail that provides a forwarding address. Notices returned with a forwarding address or for which an address is obtainable shall be re-mailed to the new address within five (5) business days. The Parties hereto will immediately notify each other of the receipt of any request for exclusion or objection to this Agreement received from a member of the Class. Notice shall be provided to each Class member's last known address according to Defendants Friedman and Wexler and Mitchell Wexler's records. Any Class member whose notice is returned as undeliverable with no forwarding address available shall not receive a payment, but will otherwise remain a member of the Class for all other purposes of this Agreement and settlement. Class members, subject to the Court's approval, shall have forty-five (45) calendar days from the date the Notice is mailed in which to either opt-out or file an objection. Class Counsel will also place the Class Notice on Class Counsel's website located at www.caclawyers.com.

15. **Preliminary Approval.** The Parties will jointly request preliminary approval of the settlement set forth in this Agreement, and will request the entry of an order of preliminary approval in the form attached as Exhibit B ("Preliminary Order"). The fact that the Court may require non-substantive changes in the Preliminary Order does not invalidate this Agreement. If the Court refuses to grant preliminary approval, this Agreement shall be null and void and the provisions of paragraph ten (10) will apply. The parties agree to request a date for the Final Approval Hearing that complies with the Class Action Fairness Act of 2005, 28 U.S.C. § 1711 *et seq.* ("CAFA").

9

16. **CAFA**. Defendants will comply with the notice requirements of CAFA.

17. **Final Approval.** (a) At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of the Agreement, counsel for the Class and counsel for Defendants shall request that the court enter a Final Order approving the terms of the Agreement as fair, reasonable and adequate, providing for the implementation of those terms and provisions, finding that the notice given to the class satisfies the requirements of due process and Rule 23, finding that the parties have complied with the requirements of CAFA, and dismissing the claims of the named Plaintiff and the class without prejudice.

(b) The parties agree to request the form of final order attached hereto as Exhibit C (the "Final Order"). The fact that the court may require non–substantive changes in the final order does not invalidate this Agreement.

18. **Dismissal With Prejudice**. Within thirty-five (35) days of the Effective Date, Plaintiff shall file a "Notice of Compliance" that Defendants have complied with the Terms of the Agreement and all class members (except those who have timely requested exclusion) have been issued checks. The dismissal of this action will be converted to a dismissal with prejudice ten (10) days after the Notice of Compliance has been filed, absent a timely motion by Plaintiff or Defendants.

19. All documents, papers and notices required to be given by this Agreement to Plaintiff, the Class or Class Counsel shall be given to:

> The Consumer Advocacy Center, P.C.
> Attn: Lance A. Raphael
> 180 West Washington Street

10

                    Suite 700
                    Chicago, Illinois 60602

All documents, papers and notices required to be given under this Agreement to Defendants,

Friedman and Wexler and Mitchell Wexler shall be given to:

                    Eric D. Kaplan
                    Kaplan Papadakis & Gournis, P.C.
                    180 North LaSalle Street
                    Suite 2108
                    Chicago, Illinois 60601

All documents, papers and notices required to be given under this Agreement to Defendant, OSI

Collection Services, Inc. shall be given to:

                    Steven A. Levy
                    Goldberg Kohn
                    55 East Monroe
                    Suite 3300
                    Chicago, Illinois 60603

     20.    The Parties acknowledge that this Agreement constitutes the entire

agreement among the Parties and any other earlier or contemporaneous oral or written agreement

respecting its subject matter shall have no force or effect. The parties agree that no party shall be

deemed to have drafted this Agreement. The Parties cannot alter or modify this Agreement

except by an instrument in writing executed by each of them. This Agreement includes all the

representations of every kind and nature made by the Parties one to the other. This Agreement

may be executed in any number of counterparts, each of which together shall be deemed one and

the same instrument.

     21.    **Release of Attorney's Lien.**  In consideration of payment under the terms

of this Agreement, Class Counsel hereby waive, discharge and release the "Releasees" as defined

11

in paragraph thirteen (13) above of and from any and all claims for Attorney's Fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with this case.

22. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Illinois for state issues and federal law for federal issues.

23. **Publicity.** Plaintiff agrees not to issue a press release regarding the settlement of this matter. The Agreement can be placed on the website of Plaintiff's counsel from the date notice is mailed to class members until seven days after the final hearing on the fairness of the settlement.

IN WITNESS HEREOF, the parties hereto, acting by and through their respective counsel of record have so agreed, on July 14, 2008.

**For Plaintiff and the Class**

Mary A. Starzynski

**For Class Counsel with respect to release of attorney's lien:**

The Consumer Advocacy Center, P.C.
By: Lance A. Raphael
180 West Washington Street
Suite 700
Chicago, Illinois 60602
(312) 782-5808

**For Friedman and Wexler, LLC**

By:_____

Title:_____

12

defined in paragraph thirteen (13) above of and from any and all claims for Attorney's Fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with this case.

22.    This Agreement shall be governed by and interpreted in accordance with the laws of the State of Illinois for state issues and federal law for federal issues.

23.    **Publicity.**  Plaintiff agrees not to issue a press release regarding the settlement of this matter.  The Agreement can be placed on the website of Plaintiff's counsel from the date notice is mailed to class members until seven days after the final hearing on the fairness of the settlement.

IN WITNESS HEREOF, the parties hereto, acting by and through their respective counsel of record have so agreed, on July 14, 2008.

**For Plaintiff and the Class**

_____

Mary A. Starzynski

**For Class Counsel with respect to release of attorney's lien:**

_____

The Consumer Advocacy Center, P.C.
By: Lance A. Raphael
180 West Washington Street
Suite 700
Chicago, Illinois 60602
(312) 782-5808

**For Friedman and Wexler, LLC**

By: _MITCHELL  WEXLER_ /

Title: _MEMBER_

**For Defendant Mitchell Wexler**

12

Mitchell Wexler

**For Defendant OSI Collection Services, Inc. n/k/a NCO Financial Systems, Inc.**

By:_____

Title:_____

**Approved as to form:**

_____
The Consumer Advocacy Center, P.C.
By: Lance A. Raphael
180 West Washington Street, Suite 700
Chicago, Illinois 60602
(312) 782-5808

_____
Eric D. Kaplan
Kaplan, Papadakis & Gournis, PC
180 North LaSalle Street, Suite 2108
Chicago, Illinois 60601
(312) 726-0531

_____
Steven A. Levy
Goldberg Kohn
55 East Monroe, Suite 3300
Chicago, Illinois 60603
(312) 201-3965

13

07/28/08  18:30 FAX  7702464750          NCO FINANCIAL SYSTEMS                    ☒002

07/28/2008 15:12 FAX  312 332 2196          GOLDBERG KOHN                    ☒014/028

**For Defendant Mitchell Wexler**

_____

Mitchell Wexler

**For Defendant OSI Collection Services, Inc. n/k/a
NCO Financial Systems, Inc.**

By: _____

Title: Senior Manager - Legal Compliance

**Approved as to form:**

_____

The Consumer Advocacy Center, P.C.
By: Lance A. Raphael
180 West Washington Street, Suite 700
Chicago, Illinois 60602
(312) 782-5808

_____

Eric D, Kaplan
Kaplan, Papadakis & Gournis, PC
180 North LaSalle Street, Suite 2108
Chicago, Illinois 60601
(312) 726-0531

_____

Steven A. Levy  David Lidow
Goldberg Kohn
55 East Monroe, Suite 3300
Chicago, Illinois 60603
(312) 201-3965

13

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| MARY A. STARZYNSKI,<br>individually and on behalf of the<br>classes defined herein, | ) <br> ) <br> ) | |
| | ) | 07 C 1254 |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | Judge Holderman |
| | ) | Magistrate Judge Valdez |
| FRIEDMAN AND WEXLER, LLC,<br>MITCHELL WEXLER, ESQ. and<br>OSI COLLECTION SERVICES, INC. | ) <br> ) <br> ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF CLASS ACTION SETTLEMENT

*PLEASE READ THIS NOTICE CAREFULLY.*
*THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT <u>AGAINST</u> YOU.*
*YOU MAY RECEIVE AT LEAST <u>$150.00</u>*
*IF YOU DO NOT EXCLUDE YOURSELF FROM THE SETTLEMENT.*

TO:    All natural persons who were sued on behalf of Capital One by Defendants Friedman and Wexler, LLC and Mitchell Wexler with Complaints that contained an affidavit purporting to be signed by an employee of Capital One when in fact the affidavit was signed by an employee of OSI Collection Services, a servicing and collection agent of Capital One, between March 5, 2006 and March 5, 2007.

## WHY DID YOU GET THIS NOTICE?

You are receiving this notice because Defendants Friedman & Wexler, LLC and Mitchell Wexler identified you, from a search of their records, as a class member. <u>You are not being sued.</u> Rather, Mary A. Starzynski ("Plaintiff") sued Friedman & Wexler, LLC., Mitchell Wexler and OSI Collection Services, Inc. n/k/a NCO Financial Systems, Inc. ("Defendants") on behalf of a class of persons similarly situated for alleged violations of the Fair Debt Collection Practices Act. The lawsuit has settled, and unless you follow the opt-out procedures described in this notice, you will be a member of the class. If you do not opt-out, you will be entitled to receive **at least $150** if the Settlement is approved by the Court at the hearing described in this notice.

## WHAT WAS THE LAWSUIT ABOUT?

Plaintiff, Mary A. Starzynski, individually and on behalf of a class, filed the above captioned action in the United States District Court for the Northern District of Illinois, Eastern Division. She claimed that Defendants improperly took legal action against her by filing a

1

Complaint on behalf of Capital One which contained an affidavit purporting to be signed by an employee of Capital One when the affidavit was actually signed by an employee of OSI Collection Services, Inc. Plaintiff claimed that Defendants' actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

This notice you have received is <u>not</u> an admission by Defendants or a finding by the Court that the claims asserted by the Plaintiff are valid. Defendants deny liability. However, to avoid the further expense and risks of litigation, Plaintiff and Defendants have agreed to a settlement.

## WHAT ARE THE BASIC TERMS OF THE SETTLEMENT AGREEMENT?

**Benefit to the Class:** Claimants who do not exclude themselves from the settlement will receive at least $150. There are approximately 333 persons in the class.

**Recovery to the Plaintiffs:** Defendants shall pay Plaintiff, Mary A. Starzynski, $2,000.00 in settlement of her claims and as an incentive award for representing the class.

**Attorney's Fees:** The Defendants shall pay Plaintiffs' counsel $50,000.00 for fees and expenses incurred in prosecuting the lawsuit on behalf of the class, subject to approval by the Court.

**Unless you exclude yourself from the Settlement**, you will be part of the class. By staying in the class, all of the Court's orders will apply to you, and you give Defendants a release. A release means you cannot sue or be part of any other lawsuit against Friedman and Wexler, LLC., Mitchell Wexler and OSI Collection Services, Inc., n/k/a NCO Financial Systems, Inc., or their agents and affiliates relating to the claims raised in Starzynski's lawsuit (*i.e.,* Defendants' conduct of filing Complaints on behalf of Capital One with an affidavit purporting to be signed by an employee of Capital One when in fact the affidavit was signed by an employee of OSI Collection Services, Inc.)

This Notice is intended only to provide a summary of the terms of the settlement; you may review the full Class Settlement Agreement by sending a request to the Clerk of the Court at the address listed at the bottom of this Notice, or by visiting the settlement website at www.caclawyers.com. You will not receive any further notice in the event that the Settlement is approved.

## CLASS COUNSEL'S OPINION OF THE SETTLEMENT

Plaintiffs claim that Defendants violated the FDCPA and engaged in abuse of process.

The FDCPA is a federal law that governs debt collection practices, and requires that certain disclosures be made in debt collection letters. It also prohibits deceptive statements in any legal process by debt collectors. In an individual FDCPA case, you can recover $0 to $1,000 statutory damages, any actual damages, and attorney's fees. In a class action under the FDCPA,

the plaintiff can get $0 to $1,000, the class can get an amount which cannot exceed 1% of the net worth of the Defendants or $500,000, whichever is less, plus attorney's fees.

Class counsel believes, given the probability of success on the merits and the monetary benefit being made available to the class, that this is a fair and reasonable settlement.

## ARE YOU A CLASS MEMBER?

Yes, unless, after receiving this notice, you decide to exclude yourself from the settlement. As stated above, you received this notice because Defendants verified that you are a class member.

## WHO REPRESENTS PLAINTIFF AND THE CLASS MEMBERS?

The following attorneys represent Plaintiffs and the class:

> The Consumer Advocacy Center, P.C.
> Lance A. Raphael
> Stacy M. Bardo
> Allison A. Krumhorn
> 180 West Washington Street, Suite 700
> Chicago, Illinois 60602
> (312) 782-5808

The Consumer Advocacy Center, P.C. represents your interests in this lawsuit. You may contact them with any questions that you have about the lawsuit. You will not be charged for their services. You may, however, hire your own attorney at your own cost to advise you in this matter.

## WHAT ARE YOUR OPTIONS?

You have the choice of either (1) remaining in the class, or (2) excluding yourself from the class. If you remain in the class, you also have the right to file a written objection to the terms of the settlement agreement. Each choice has certain risks and consequences. You have the right to discuss your decision with The Consumer Advocacy Center, P.C. or with your own attorney.

## WHAT YOU MUST DO IF YOU WANT TO OBTAIN THE BENEFITS OF THE CLASS SETTLEMENT:

**Do nothing. You do not need to do anything if you want to receive the benefits of the settlement. If the settlement is approved, and if you do not opt-out**, you will be entitled to an equal share of the class settlement proceeds. Each class member who does not opt out of the settlement will receive a check for at least $150. In return, you will give up your right to sue Defendants relating to the filing of Complaints on behalf of Capital One with an affidavit purporting to be signed by an employee of Capital One when in fact the affidavit was signed by an employee of OSI Collection Services, Inc. However, you are not releasing, (1) your right to

3

challenge the amount of the debt Defendants may try or have tried to collect from you, (2) your right to challenge how payments you made were credited or how the debt was reported on your credit report, or (3) your right to try and vacate any judgment entered against you, if permitted under Illinois law.

## WHAT TO DO IF YOU DO *NOT* WANT TO BE A PART OF THIS CLASS SETTLEMENT:

If you do not want to be a part of the settlement, you must opt out. If you opt out you, (i) will not be bound by any judgment or disposition of this case, (ii) will retain any claims you may have against Defendants, and (iii) will not receive any payment from Defendants.

If you wish to opt out from the class, you must send a letter to Class Counsel – The Consumer Advocacy Center, P.C. (see address above) containing the name and number of this case (*Mary A. Starzynski v. Friedman and Wexler, Mitchell Wexler and OSI Collection Services, Inc.*, Case No. 07 C 1254) and stating that you wish to be excluded with words to the effect of "I WISH TO BE EXCLUDED FROM THE CLASS ACTION IN *STARZYNSKI V. FRIEDMAN AND WEXLER, ET AL.*" INCLUDE YOUR NAME AND CONTACT INFORMATION ON THE LETTER, NOT JUST THE ENVELOPE.

**OPT-OUTS MUST BE <u>RECEIVED</u> NO LATER THAN _____, 2008.**

If you decide to opt-out, you may file an individual action or intervene in this action. If you intend to choose this option, consult with an attorney <u>prior</u> to the expiration of the opt-out period. **The statute of limitations, which stopped running on March 5, 2007, when the first case was filed, will begin running again upon your filing of the opt-out. You will have the same number of days to file suit as you had on March 5, 2007.** If you want your own attorney to represent you in an individual case, the terms of such representation are a matter for you and your attorney to negotiate.

## WHAT TO DO IF YOU THINK THE SETTLEMENT IS UNFAIR:

If you think the settlement or any of its terms is unfair, you may object to the settlement. To object, you must send a letter explaining your objection to: (1) Class Counsel – The Consumer Advocacy Center, P.C. (see address above), and (2) the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. Your letter must contain the name and number of this case (*Mary A. Starzynski v. Friedman and Wexler, Mitchell Wexler and OSI Collection Services, Inc.*, Case No. 07 C 1254).

Your written statement must also contain the specific reasons for your objection. It is not enough to state that you object. You must explain why you are filing the objection.

**ANY OBJECTIONS MUST BE RECEIVED NO LATER THAN _____, 2008.**

## FINAL HEARING ON THE FAIRNESS OF THE SETTLEMENT – YOU DO NOT NEED TO ATTEND THIS HEARING

There will be a hearing on the fairness of the settlement at _____ **a.m./p.m. CDT on** _____**, 2008** in the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, Courtroom Courtroom 2541, before the Honorable Judge James F. Holderman. **You are not required to attend but may do so if you wish. If you filed an objection** , the judge may require your presence at the fairness hearing. The date of this hearing is subject to change without notice; if you plan to attend, you should contact class counsel or the Clerk to confirm the date and time of the hearing prior to attending.

## WHO CAN HELP WITH ADDITIONAL INFORMATION?

Any further questions that you or your attorney may have concerning this Notice should be directed to the Consumer Advocacy Center, P.C. at (312) 782-5808.

The description of the lawsuit and settlement that is contained in this notice is only general. All papers filed in this case, including the full Settlement Agreement, are available for you to inspect and copy (at your cost) at the office of the Clerk of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 during regular business hours. You must bring the name of the case and case number with you, since the Clerk will need to know this information in order to obtain the court file for you to inspect. In addition, the Settlement Agreement can be viewed at www.caclawyers.com.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

MARY A. STARZYNSKI,                      )
individually and on behalf of the        )
classes defined herein,                  )
                                         )        07 C 1254
      Plaintiff,                         )
                                         )        Judge Holderman
   v.                                  )
                                         )        Magistrate Judge Valdez
FRIEDMAN AND WEXLER, LLC,                )
MITCHELL WEXLER, ESQ. and                )
OSI COLLECTION SERVICES, INC.            )
                                         )
      Defendants.                        )

### PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the parties' request for preliminary approval of a

Class Settlement Agreement ("Agreement") between Plaintiff, Mary A. Starzynski ("Plaintiff")

and Defendants, Friedman & Wexler, LLC, Mitchell Wexler and OSI Collection Services, Inc.

n/k/a NCO Financial Systems, Inc.. (collectively "Defendants") the Court being fully advised in

the premises,

**IT IS HEREBY ORDERED:**

    1.      The Court finds that the proposed Settlement and Release, the terms of which are

fully set forth in the agreement, is within the range of fairness and reasonableness and grants

preliminary approval to it.

    2.      For the purposes of settlement, the parties stipulate to the certification of the class

defined as follows:  All natural persons who were sued on behalf of Capital One by Defendants

Friedman and Wexler, LLC and Mitchell Wexler with Complaints that contained an affidavit

purporting to be signed by an employee of Capital One when in fact the affidavit was signed by

an employee of OSI Collection Services, a servicing and collection agent of Capital One,

between March 5, 2006 and March 5, 2007. The class described above includes approximately

333 persons. Mary A. Starzynski is designated as the Class Representative. The Consumer

Advocacy Center, P.C. is appointed as Class Counsel.

      3.      The Court finds that the provisions for notice to the Class satisfy the requirements

of Fed. R. Civ. P. 23 and due process. Specifically, the Court finds that:

           a.      The Class is so numerous that joinder is impracticable.

           b.      There are questions of law and fact common to the members of the class,

                  which common questions predominate over any questions that affect only

                  individual class members.

           c.      Plaintiff's claims are typical of the claims of the class members.

           d.      Plaintiff and Class Counsel have fairly and adequately represented the

                  interests of the class members.

           e.      A class action is superior to other alternative methods of adjudicating the

                  issues in dispute between the parties.

      4.      The Court approves the proposed form of notice to the class, to be directed to the

last known address of the Class numbers as shown on Defendants' records. Settlement

administrator U.S. Bank National Association will cause to be mailed notice to Class members

on or before _____ 2008. The notice will be sent by any form of U.S. Mail that

provides for mail forwarding.

5.      The Court finds that mailing of class notice is the only notice required and that such notice satisfies the requirements of due process and Fed.R.Civ.P.23(c)(2)(B).

6.      Class members shall have until _____, 2008 to opt out or object to the proposed settlement.  Any class members desiring to exclude themselves from the action must file their request for exclusion with counsel for Plaintiff by that date.  Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division and serve copies of the objection on counsel for Plaintiff by that date.  Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that proposed settlement is not in the best interests of the class.

7.      A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by counsel for the class will be held before this Court on _____ at _____ a.m./p.m.


ENTERED:


_____
The Honorable Judge James F. Holderman


DATE:_____


3

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

MARY A. STARZYNSKI,          )
individually and on behalf of the   )
classes defined herein,         )
                             )    07 C 1254
       Plaintiff,         )
                             )    Judge Holderman
    v.                 )
                             )    Magistrate Judge Valdez
FRIEDMAN AND WEXLER, LLC,  )
MITCHELL WEXLER, ESQ. and   )
OSI COLLECTION SERVICES, INC.  )
                             )
       Defendants.       )

## FINAL APPROVAL ORDER

      This matter coming before the Court on the parties' request for final approval of a Class

Settlement Agreement ("Agreement") between Plaintiff, Mary A. Starzynski and Defendants,

Friedman and Wexler, LLC, Mitchell Wexler and OSI Collection Services, Inc. n/k/a NCO

Financial Systems, Inc. (collectively "Defendants"):

      On _____, 2008, the Court preliminarily approved the Class Action

Settlement Agreement reached between Plaintiff, Mary A. Starzynski, and Defendants, Friedman

and Wexler, LLC, Mitchell Wexler, and OSI Collection Services, Inc.  The Court approved a

form of notice for mailing to the class.  The Court is informed that actual notice was sent by first

class mail to approximately _____ class members by first class mail, forwarding service

requested.  A total of ____ envelopes were returned by the United States Postal Service, ___ of

which were returned with forwarding addresses and re-mailed.  _____ class members requested

exclusion and ____ objections were filed or received.

1

On _____, 2008, the Court held a fairness hearing to which class

members, including any with objections, were invited. The Court, now being fully advised in the

premises, **HEREBY ORDERS THAT**:

    1.    The provisions for notice to the class satisfy the requirements of Federal Rule of

Civil Procedure 23 and due process.

    2.    The settlement is fair and reasonable and thus, the Class Settlement Agreement

submitted by the parties, including the Release and payment of a total of $110,000.00, is hereby

approved. This settlement will be paid as follows:

    a.    Plaintiff Mary Starzynski will receive $2,000.00 in settlement of her individual claims and for her services as class representative.

    b.    Class members who did not exclude themselves and who can be located shall receive _____ by check, void sixty (60) days after issuance. It is estimated the total amount the 333 Class Members will receive is $_____.

    c.    Any undistributed funds or uncashed checks will be distributed in equal shares to the National Association of Consumer Advocates as a *cy pres* award.

    d.    Plaintiff's counsel has petitioned the Court for attorney's fees, costs and expenses of this lawsuit in the amount of $50,000.00. The Court finds Plaintiff's counsel's petition, based upon Counsel's 2008 hourly rates, to be fair and reasonable. The Court awards attorney's fees and costs of $50,000.00 to The Consumer Advocacy Center, P.C as full and final payment of all fees and costs incurred herein.

    3.    The following releases shall govern:

    a.    Plaintiff and each and every member of the Class, including each and every one of their respective agents, representatives, attorneys, heirs, assigns or any other person acting on their behalf or for their benefit (collectively "Releasors") hereby release and discharge Defendants, as well as their predecessors, successors in interest and present and former parent corporations, affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners,

2

beneficiaries, representatives, heirs, attorneys, assigns (collectively, "Releasees") from any causes of action, suits, claims or demands whatsoever, in law or in equity, known or unknown at this time, which Plaintiffs and the Class now have or ever had against the Releasees, or any of them, under any legal theory, whether or not alleged, arising out of the allegations in or subject matter of the Amended Complaint and any and all claims which were made or which could have been made in the Litigation.

    b.    Nothing herein shall prevent Defendants from continuing to attempt to collect the debts allegedly owed by the Class members, nor will it prevent Class members from asserting any defenses they have to the debts. In particular, Class members do not release any claims or defenses they may have regarding: (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, (3) the proper reporting of any debts to credit bureaus and (4) the rights, if any, to move to vacate any judgments adjudicating the debt for any reason allowable under Illinois law. Class members also do not release any right to move to vacate judgments or orders entered against them, or claims that seized assets are exempt from garnishment.

    c.    Defendants, as well as their predecessors, successors in interest and present and former parent corporations, affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, and assigns, hereby release and discharge Plaintiff, Plaintiff's respective agents, representatives, attorneys, heirs, assigns or any other person acting on her behalf or for her benefit, and Plaintiff's attorneys from any causes of action, suits, claims or demands whatsoever, in law or in equity, known or unknown at this time, which Defendants now have or ever had against the Plaintiff and her attorneys arising out of or relating to the investigation, filing or prosecution of the Litigation.

4.    The Court finds the Settlement Agreement fair and made in good faith.

5.    Within thirty-five (35) days of the Effective Date, Plaintiff shall file a notice ("Notice of Compliance") that Defendants have complied with the terms of the Agreement and all class members have been issued checks.

6.    The claims of Plaintiff and the class are hereby dismissed without prejudice.

7.      The dismissal of this action will be converted to a dismissal with prejudice ten (10) days after the Notice of Compliance has been filed, absent a timely motion by Plaintiff or Defendants.

ENTERED:


_____

The Honorable Judge James F. Holderman

DATE:_____

4